**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

QUINCY GRAY MCMICHAEL LEWIS

                Plaintiff,

v.                                CIVIL ACTION NO.   2:13-cv-13110

WEST VIRGINIA SUPREME COURT OF APPEALS,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is Defendant's Motion to Dismiss [Docket 7]. The plaintiff has responded, and the motion is ripe. For the reasons stated below, the motion is **GRANTED**. Further, the plaintiff's counsel is **ORDERED** to show cause why Federal Rule of Civil Procedure 11(b) has not been violated.

**I. Background**

This case arises out of a decision by the Supreme Court of Appeals of West Virginia in *State ex rel. J.W. v. Knight*, 223 S.E.2d 617 (W. Va. 2009). That case upheld a court-ordered gynecological exam of the alleged victim in a criminal sexual assault case. The plaintiff, who was not a party to that case, brings the instant action against the Supreme Court of Appeals of West Virginia in its official capacity to enjoin enforcement of *State ex rel. J.W. v. Knight*. (*See* Compl. [Docket 1] at 3, 13). The plaintiff further asks this court for a declaratory judgment holding *State ex rel. J.W. v. Knight* unconstitutional. (*Id.* at 13). Before I address the merits of the defendant's motion to dismiss, I will describe the Supreme Court of Appeals decision at issue.

A.      *State ex rel. J.W. v. Knight*

In *State ex rel. J.W. v. Knight*, two brothers were charged with various acts of sexual abuse against their sister, J.W., a fifteen year-old minor. 223 S.E.2d 617, 618 (W. Va. 2009). One of the brothers, Jason Wilson, moved the trial court for a physical examination of J.W. to determine whether any physical penetration or intercourse had occurred. *Id.* at 619. In deciding Jason Wilson's motion, the trial court applied a six-part test set out in *State v. Delaney*, 417 S.E.2d 903 (W. Va. 1992). That test enumerated the factors a trial court must consider before ordering a physical or psychological examination against a victim in a criminal case:

> [T]he judge should consider (1) the nature of the examination requested and the intrusiveness inherent in that examination; (2) the victim's age; (3) the resulting physical and/or emotional effects of the examination on the victim; (4) the probative value of the examination to the issue before the court; (5) the remoteness in time of the examination to the alleged criminal act; and (6) the evidence already available for the defendant's use.

*State v. Delaney*, 417 S.E.2d 903, 907 (W. Va. 1992). The trial court ultimately granted Jason Wilson's motion after applying the *Delaney* test. *State ex rel. J.W.*, 223 S.E.2d at 619. The trial court found that the gynecological examination sought was not overly intrusive given J.W.'s age and the fact that the examination was less extensive than those administered to women in the general population for health purposes. *Id.* at 619, 621. The trial court also found that the evidence sought by Jason Wilson was not otherwise available and that the examination was not too remote in time from the alleged abuse. *Id.* at 621.

After the trial court ordered J.W. to undergo the physical examination, the state prosecutor sought a writ of prohibition from the Supreme Court of Appeals to prevent the examination from going forward. *Id.* at 618. The only issue the Supreme Court of Appeals considered was whether the trial court had mistakenly applied the *Delaney* test. *Id.* at 618. On that issue, the Supreme Court

2

of Appeals held that the trial court had properly applied the *Delaney* test "under the facts of this particular case." *Id.* at 622. The court did not consider any federal constitutional issues.

Following the decision by the Supreme Court of Appeals, J.W. personally sought a writ of certiorari to the United States Supreme Court, presenting the following two issues:

> I. Whether it violates the Supremacy Clause for a state court to order a minor rape victim to submit to a penetrating pelvic examination, where the court lacks constitutional authority to issue such an order and the minor victim has a federal constitutional right to refuse to submit?

> II. Whether it violates the Due Process Clause for a state court to order a child rape victim to submit to a penetrating pelvic examination at the behest of a criminal defendant?

Petition for a Writ of Certiorari, *J.W. v. Knight*, 2009 WL 2491812 (No. 09-131). The appeal was denied without explanation on October 20, 2009. *See J.W. v. Knight*, 558 U.S. 970 (2009).

In November 2009, J.W. apparently filed a new federal suit to enjoin enforcement of the original trial court order. (Mem. of Law in Opp'n to Def.'s Mot. to Dismiss [Docket 14], at 2).[1] That suit was dismissed as moot after the criminal defendant, Jason Wilson, pleaded guilty. (*Id.* at 3). On appeal, the defendant withdrew his guilty plea and the Fourth Circuit reversed and remanded. (*Id.*). On remand, the district court again dismissed the suit as moot after it was revealed that J.W. had voluntarily undergone the disputed physical examination without the knowledge of her counsel. (*Id.*).

### B.      The Instant Case

The plaintiff in this case is Quincy Gray McMichael Lewis, a twenty-seven-year-old female resident of West Virginia. (Compl. [Docket 1] ¶ 21). She brings this action "for herself and on behalf of a class of . . . [a]ll natural persons residing in West Virginia that are at risk for sexual

---

[1] The plaintiff discusses this case in her Memorandum of Law in Opposition to Defendant's Motion to Dismiss, but she fails to provide citations to either the district court or the Fourth Circuit's orders.

victimization[.]" (*Id.*). The plaintiff brings five causes of action. First, the plaintiff alleges that the "ongoing vitality of *J.W.* threatens [her] Fourth Amendment rights." (*Id.* ¶ 33). Second, she alleges *State ex rel. J.W. v. Knight* threatens her right to privacy. (*Id.* ¶ 36). Third, she alleges the defendant issued *State ex rel. J.W. v. Knight* in violation of her procedural due process rights because the state prosecutor "lacks capacity to represent Plaintiff's personal and constitutional rights in criminal matters." (*Id.* ¶ 39). Fourth, the plaintiff alleges *State ex rel. J.W. v. Knight* threatens her substantive due process rights. (*Id.* ¶ 46). Finally, the plaintiff alleges *State ex rel. J.W. v. Knight* interferes with her First Amendment speech and petitioning rights. (*Id.* ¶ 49).

The defendant brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The defendant argues that that this court does not have subject matter jurisdiction over the plaintiff's suit for the following reasons: (1) the defendant is immune from suit under the Eleventh Amendment to the United States Constitution, (2) the plaintiff's claims are barred by the *Rooker-Feldman* and *Younger* abstention doctrines, and (3) the plaintiff lacks standing under Article III of the United States Constitution. (*See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss [Docket 8], at 1).

**II. Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction under Rule 12(b)(1) that are based on the sufficiency of the complaint are facial challenges. If a facial challenge is made, as it is here, "the facts alleged in the complaint are taken as true, and the motion

4

must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

### III. Analysis

At the outset, I note that the plaintiff incorrectly argues that the Supreme Court of Appeals' decision in *State ex rel. J.W. v. Knight* stands for the proposition that criminal defendants in sexual assault cases may generally obtain discovery from a court-ordered physical examination of a victim. The court decided only that "under the facts of this particular case," the trial court properly considered the defendant's motion under the *Delaney* factors. *State ex rel. J.W.*, 223 S.E.2d at 622. Further, the decision is a per curiam opinion; its precedential value is limited to its particular facts. *See Walker v. Doe*, 558 S.E.2d 290, 291 (W. Va. 2001) ("The value of a per curiam opinion arises in part from the guidance such decisions can provide to the lower courts regarding the proper application of the syllabus points of law relied upon to reach decisions in those cases."). I now turn to the defendant's arguments.

### A.     The Plaintiff's Suit is Barred by the Eleventh Amendment

The defendant argues that this suit is barred by the Eleventh Amendment to the United States Constitution. That Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the text of the Amendment may suggest otherwise, the Supreme Court has understood it generally to bar suits against unconsenting states brought in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) ("This Court has drawn upon principles of sovereign immunity to construe the Amendment to establish that an unconsenting [s]tate is immune from suits brought

in federal courts by her own citizens as well as by citizens of another state.") (internal quotations omitted).

The Eleventh Amendment also prohibits suits against state entities. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). State supreme courts are considered state entities for purposes of the Eleventh Amendment. *See, e.g.*, *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994), *cert. denied* 513 U.S. 811 (suit to enjoin Illinois Supreme Court from violating Due Process Clause barred by 11th Amendment); *Robinson v. Court of Common Pleas of Phila. Cnty.*, 827 F. Supp. 1210, 1211 (E.D. Pa. 1993) ("There is no doubt that a state's highest court is an Eleventh Amendment state entity."); *Louis v. Supreme Court of Nev.*, 490 F. Supp. 1174, 1180 (D. Nev. 1980) ("The Supreme Court of Nevada is an agency of the State of Nevada and immune from suit under the Eleventh Amendment to the U.S. Constitution."). I accordingly **FIND** that the Supreme Court of Appeals of West Virginia is immune from this suit under the Eleventh Amendment.

### B.    Rule 11 Sanctions

Because the Eleventh Amendment clearly bars the plaintiff's suit, the plaintiff's counsel is **ORDERED** to show cause why sanctions under Rule 11(b) are not warranted. Specifically, the plaintiff's counsel is **ORDERED** to file a memorandum within 30 days with this court explaining why the plaintiff's "claims . . . and other contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The memorandum should address the plaintiff's arguments regarding applicability of the Eleventh Amendment made in the Complaint [Docket 1] and the plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Docket 14].

**IV. Conclusion**

Because I find that the Eleventh Amendment requires dismissal of this suit, I do not decide whether the plaintiff has Article III standing or whether I should abstain pursuant to the *Rooker-Feldman* doctrine or *Younger v. Harris*. The plaintiff's counsel is **ORDERED** to file a memorandum with this court within 30 days to show cause why sanctions under Rule 11(b) are not warranted. For the reasons stated above, the defendant's motion is **GRANTED**. The court **ORDERS** that judgment be entered in favor of the defendant and that this case be dismissed and stricken from the docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       October 21, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE